# EXHIBIT 2



*1036563061*

## IN THE DISTRICT COURT WITHIN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA



DISTRICT COURT
**F I L E D**

MAY 1 9 2017

**DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY**

RAFEL GENE McDOUGAL, )
)
      Plaintiff, )
)
-vs- )
) **CJ-2017-01969**
      Case No.
      Judge
GEICO CASUALTY COMPANY )
(Government Employees Insurance )
Company), )
)
      Defendant. )

*JEFFERSON D. SELLERS*

### PETITION

Plaintiff herein brings this suit in bad faith against his uninsured/underinsured (UM/UIM) insurance carrier, GEICO Casualty Company ("GEICO"). Plaintiff is a resident of Tulsa County, Oklahoma. GEICO is an insurance carrier licensed in the state of Oklahoma, doing business in Tulsa County, Oklahoma. This court has jurisdiction of the subject matter hereof and the parties hereto.

1.     Plaintiff was injured in an automobile collision on March 13, 2013. The collision was the fault of the other motorist. At all times relevant hereto, Plaintiff was insured by GEICO (Policy No. 4398-95-88-87), which insurance included underinsured motorist coverage. The Plaintiff was informed that the other party had liability insurance but he notified GEICO of the accident and of the fact that he was injured. He heard nothing from GEICO.

### Failure and Refusal to Investigate and Evaluate

2.     Plaintiff engaged the services of an attorney to pursue his remedies.

3.     On March 13, 2015, Plaintiff's attorney notified GEICO again of the collision and of Plaintiff's injuries. (*See* Exhibit "A" attached hereto).

1

4.      By letter dated March 20, 2015, GEICO acknowledged receipt of the notice but sent a policy declarations page showing that Plaintiff had rejected uninsured motorist coverage. (*See* Exhibits "B-1 and B-2" attached hereto).

5.      On April 27, 2015, GEICO contacted Plaintiff's attorney asking for information on client's medical status. (*See* Exhibit "C" attached hereto).

6.      On May 4, 2015 Plaintiff responded by letter and by providing all records responsive to GEICO's request as well as additional material. (*See* Exhibit "D" attached hereto)[1].

7.      On May 8, 2015, Plaintiff received notice from GEICO that his "case" had been reassigned to a different claims examiner.

8.      On May 11, 2015, pursuant to a telephone conversation with the new claims examiner, Plaintiff informed the new examiner of the material that had been sent to GEICO on May 4, 2015, attaching a copy of that letter. (*See* Exhibit "E" attached hereto).

9.      On May 20, 2015, GEICO advised Plaintiff that it had completed its evaluation of Plaintiff's claim, advised that the evaluation was within the tortfeasor's policy limits and proceeded to deny the claim. (*See* Exhibit "F" attached hereto).

10.     Upon seeing GEICO's letter of May 20th, Plaintiff believed that his medical information and loss of earnings information had been misunderstood by GEICO and in that connection asked GEICO for clarification by providing the monetary valuation GEICO had placed upon Plaintiff's injuries and claims. (*See* Exhibit "G" attached hereto).

11.     By letter of May 22, 2015, the GEICO examiner responded by advising that she had talked with the liability carrier, that they had at least $100,000 liability policy that would

---

[1]   Letter of May 4, 2015, attached but 123 pages of material sent with the letter are in the hands of GEICO already and are omitted as attachments herein to simplify the record.

apply to this case and that GEICO's evaluation was "well within the tortfeasor's ($100,000.00) limits". (*See* Exhibit "H" attached hereto).

12.     By letter of May 26, 2015, Plaintiff attempted to persist in getting information concerning GEICO's evaluation, believing that GEICO had to be missing information or failing to consider properly certain information to make such an evaluation. (*See* Exhibit "I" attached hereto).

13.     By letter of May 27, 2015, GEICO rejected Plaintiff's efforts. (*See* Exhibit "J" attached hereto).

14.     By letter of July 30, 2015, Plaintiff explained in more detail his request for information from GEICO about its evaluation. He brought up certain aspects of the medical information that had been furnished. Plaintiff wanted to know if GEICO agreed that the case against the tortfeasor was one of absolute liability. Plaintiff wanted to learn what "facts" GEICO had taken into consideration making its evaluation. He wanted to know how GEICO had treated the orthopedic surgeon's recommendations for surgery. (*See* Exhibit "K" attached hereto).

15.     By letter of August 7, 2015, GEICO maintained its position of refusing to give any information to Plaintiff regarding its evaluation, including any information about what it took into consideration in arriving at its evaluation. In refusing to provide any information, GEICO cited the Oklahoma case of *Newport vs. USAA,* 2000 OK 59, 11 P.3d 190 (Okla. 2000), to the effect that if it was required to disclose its evaluation, "there would be no further negotiations because insured would always demand the top dollar". This was done even though GEICO knew that its, "top dollar" was "well within" the minimum $100,000.00 liability coverage.     GEICO further knew that *Newport, supra,* did not excuse GEICO from communicating with its insured upon insured's request to be furnished with information

3

concerning the methods used or facts considered in arriving at its evaluation. (*See* Exhibit "L" attached hereto).

16.   After receiving GEICO's letter of August 7, 2015, (Exhibit "L"), Plaintiff gave up on his efforts to gather information with which to correct mistakes or be able to discuss with GEICO misinterpretations it may have made regarding material furnished.  GEICO asked for no further information or material from its insured but did advise it would have its insured, "evaluated by an independent physician, or, alternatively, we will retain a doctor to review the medical records in order to arrive at an opinion regarding the nature and extent of your client's injuries, as well as the cause of those injuries or any aggravation thereof."  Plaintiff was never asked to submit to an examination nor was he ever informed of any medical review of his records.  GEICO had already advised it had "completed" its evaluation.  Nothing had changed in the information upon which GEICO had conducted its evaluation.  It had never asked for a physical exam and neither had it, apparently, submitted the records to a medical review before advising it had "concluded" its evaluation and determining that Plaintiff had no valid claim for its coverage.

17.   Plaintiff was now faced with two insurance carriers, his own and the tortfeasor's, whom he was convinced had misinterpreted his medical information and improperly evaluated his claims.  He was unable to work, he had no income, was depressed and was in constant pain.  He was 46 years old and was facing the likelihood that for the remainder of his life he would be unable to work.  That loss of income alone represented a financial loss of over $200,000.  His orthopedic surgeon had recommended the need for two fusion surgeries, lumbar and cervical, both resulting from the March 13, 2013 collision.  All this was clearly set out in the records provided to both carriers and neither would listen.  One carrier, GEICO, had the contractual

obligation to listen, to investigate, to inquire, and to properly evaluate fairly. It refused.  In so conducting its "investigation and evaluation" GEICO committed bad faith toward its insured.

### Improper Intervention

18.    GEICO was not through with its insured.  Not only had it conducted its investigation and evaluation in bad faith, in December of 2015, almost seven months after having notified its insured that it had completed its evaluation and determined that it had no exposure for an underinsured claim, GEICO notified Plaintiff that "GEICO would like to conduct its own investigation in the case".  *See* letter from a paralegal at the law firm purporting to speak on behalf of GEICO, attached hereto as Exhibit "M".

19.    By letter of December 14, 2015, Plaintiff's attorney advised GEICO that the time for GEICO to conduct its "investigation" and its "evaluation" in good faith had passed.  (*See* Exhibit "N" attached hereto).

20.    GEICO then attempted to engage the help of the District Court of Tulsa County in which the case against the tortfeasor was pending, to relieve itself of its predicament by improperly attempting to intervene in the litigation for the purpose of "conducting its investigation" through discovery procedures. *See* GEICO's *Motion to Intervene* in Case No. CJ-2015-614 attached hereto as Exhibit "O".

21.    On April 21, 2016 GEICO filed an answer to Plaintiff's Petition against the tortfeasor wherein it denied having information about its insured's claims about the liability of the tortfeasor, its insured's freedom from contributory negligence in the case, denied having information about its insured's injuries and damages and asserted affirmative defenses against its insured's claims. (*See* Exhibit "P" attached hereto).  All of this was false.

22.     On March 14, 2016, GEICO admitted its intent to use the court procedures provided through the Oklahoma Discovery Code in order to conduct its belated "investigation and evaluation of Plaintiff's claim". GEICO claimed to have "met its obligation to investigate and evaluate Plaintiff's claims prior to Plaintiff's filing suit". *See* page two of *GEICO's Reply to Plaintiff's Response to GEICO's Motion to Intervene*, Exhibit "Q" hereto.

23.   By pleading filed on May 4, 2016, GEICO made an admission demonstrating that its entire purpose in attempting to intervene was to purge itself of its bad faith in failing to properly investigate and evaluate its insured's position a full year earlier. *See GEICO's Response to Plaintiff's Motion to Reconsider and Vacate Order Allowing Intervention*, attached hereto as Exhibit "R" wherein GEICO stated "GEICO has learned that the failure to investigate and evaluate potential UM/UIM exposure can result in bad faith claims". That was a claimed new recognition for GEICO but it was a recognition of the law as it has existed in the state of Oklahoma, about which GEICO is charged with knowledge, for many years.

24.     GEICO followed the May 4, 2016, pleading recognizing its exposure for bad faith (Exhibit "R"), with another pleading where it overtly asks the court for authority to intervene to use the Oklahoma Discovery Code "in order to continue evaluation Plaintiff's claim, as well as GEICO's exposure". *See Reply to Plaintiff's Response to GEICO's Motion to Intervene* filed March 14, 2016, attached hereto as Exhibit "S".

25.   GEICO followed its bad faith failure to investigate and evaluate by its bad faith, attempt to intervene in Plaintiff's action against the tortfeasor. That attempt to intervene was taken for the purpose of purging itself of its earlier bad faith and in doing so filed a bad faith Answer wherein it took issue with Plaintiff's position at a time when it had the contrary answers to the positions it took within its knowledge and possession.

26.     GEICO's actions caused its insured to be faced with the prospect of having two insurance companies defending against his claims at a time when he was worried about his health, worried about his financial situation and worried about his future. GEICO's actions increased these worries and Plaintiff's mental stress and depression as well as causing Plaintiff inconvenience and annoyance.     Although GEICO attempted to portray its actions as "benefitting" it's insured, it knew that was not true. Its intent was to protect its own interest without consideration of the rights of its insured and interested in assisting the tortfeasor's position rather than the position of Plaintiff.

27.     GEICO's actions in this matter were conducted with wanton and reckless disregard of Plaintiff's rights. It caused damage to the Plaintiff as set out above for which Plaintiff is entitled to recover both compensatory and punitive damages.

WHEREFORE, Plaintiff demands judgment of and from the Defendant for actual and punitive damages, plus interest, the costs of this action and attorney's fees, in an amount in excess of $10,000.00, but not in excess of the amount required for diversity jurisdiction, pursuant to §1332 of Title 28 of the United States Code.

Richard Carpenter, OBA #1504
James, Potts & Wulfers, Inc.
401 South Boston, Suite 2600
Tulsa, OK 74103
(918) 584-0881
(918) 584-4521 – facsimile
Email: rcarpenter@jpwlaw.com
Attorney for Plaintiff

7

# JAMES, POTTS & WULFERS, INC.

DAVID W. WULFERS
SHANNON K. DAVIS
DAVID T. POTTS

**ATTORNEYS AT LAW**
401 SOUTH BOSTON AVENUE, SUITE 2600
MID-CONTINENT TOWER
TULSA, OKLAHOMA   74103-4015
TELEPHONE (918) 584-0881
TELECOPIER (918) 584-4521
jpwlaw.com

OF COUNSEL
THOMAS G. POTTS
PAMELA K. WHEELER
RICHARD L. CARPENTER

(Email:   rcarpenter@jpwlaw.com)

March 13, 2015

GEICO Casualty Company
Attn:   Region 5 Policy Processing
P.O. Box 509104
Sand Diego, CA   92150-9104

Re:   Insured:      Rafel Gene McDougal
      Policy No.:   4398-95-88-87

Gentlemen:

Your insured was involved in an injury collision on March 12, 2013.   The collision was due to the negligence of the other driver.   A copy of the police report is enclosed.   Mr. McDougal advises that he notified GEICO after the accident, but I have seen nothing assigning a GEICO claim number.

We do not know the amount of coverage the other driver had, but we want to keep you informed regarding his injuries.   If you will let us know what you need from us, we will provide it. We have all of his medical ready to provide.   It is our understanding that the coverage as of the date of the accident was UM in the amount of $25,000.00.

Your subrogation right has been protected.

Very truly yours,

Richard Carpenter
*Attorney for Rafel McDougal*

RC/jr
Enclosure

**EXHIBIT**

A

# OFFICIAL OKLAHOMA TRAFFIC COLLISION REPORT

DO NOT WRITE IN THIS SPACE

| | Y | N |
|---|---|---|
| Incident Report | X | |
| Investigation Completed | X | |
| Investigation Made in State | X | |
| Photographed | X | |

Pg 1 of 6

Revised

Fatality

Hit and Run

| | | |
|---|---|---|
| (1) Reporting Agency | Case Number/Agency Case | Motor Vehicles in Accident |
| TULSA POLICE DEPARTMENT | 2 0 1 3 0 1 4 7 5 6 | 0 2 |

Number Injured: 0 1   Number Killed: 0 0

| (2) Date of Collision (mm/dd/yy) | Time | County Number and Name | Nearest City or Town Number and Name |
|---|---|---|---|
| 0 3 2 2 0 1 3 | 0 9 5 9 7 2 | TULSA | 5 0 TULSA |

(3) Distance from Nearest City or Town Limits

E 41ST ST

Direction N S E W: 0 0 4 0

S 68TH EA

| (5) Unit | Occupants | Type | (6) Last Name | Middle |
|---|---|---|---|---|
| 0 1 0 2 | D | VAN DAM | DOUGLAS | M |

| (7) Address | City | State | Zip |
|---|---|---|---|
| 615 FRANKLIN | HUMBOLDT | K S | 6 6 7 4 8 |

Telephone (Use Area Code) 2 0 4 7 3 3 0 3 7 4

| (?) Driver License Number | State | Class | Endorsement | Restriction | Inj Seat | Type of Injury | Drug/Alc Cond | EJ Use |
|---|---|---|---|---|---|---|---|---|
| | K S | C | | 1 | 0 | | 0 1 | 0 3 |

| (8) | Ejected | Extricated | (?) BAC | Transported by | To Medical Facility | Vehicle Plate Number | State | Month |
|---|---|---|---|---|---|---|---|---|
| 1 1 1 5 0 | | | | 79564C | K S | 0 8 2 0 1 3 |

| Vehicle Year | Color | 2nd Color | Make | Model | Veh Cond |
|---|---|---|---|---|---|
| 1 D 7 H A 1 6 K 0 4 J 2 1 0 3 7 5 | 2 0 0 4 | S I L | S I L | D O D G | R A M | 1 0 4 | 3 |

| (10) Insurance Verification | Insurance Company Name | Policy Number | Insurance Telephone (Use Area Code) |
|---|---|---|---|
| 2 | LIBERTY MUTUAL | AOS29859989170 | 8 0 0 2 5 8 2 8 5 |

| (11) Vehicle Removed by | Print | Owner Last Name | First | Middle |
|---|---|---|---|---|
| | X | LYNDA SEQUICHIE   SHIRLEY IRWIN | AND/OR |

| (12) Owner's Address | City | State | Zip |
|---|---|---|---|
| P.O. BOX 755 | PRYOR | O K | 7 4 3 6 1 |

Totaled Veh Type: 0 0

| (13) Unit Occupants Type | Last Name | First | Middle |
|---|---|---|---|
| 0 2 0 1 D | MCDOUGAL | RAFEL | GENE |

| (?) Address | City | State | Zip |
|---|---|---|---|
| 8628 E 38TH PL | TULSA | O K | 7 4 1 4 5 |

Telephone (Use Area Code) 9 1 8 2 3 7 8 9 2

| (?) Driver License Number | State | Class | Endorsement | Restriction | Inj Seat | Type of Injury |
|---|---|---|---|---|---|---|
| | O K | | | 2 1 | 0 |

| (17) | Ejected | Extricated | (?) BAC | Transported by | To Medical Facility | Driver's Plate Number | State | Year |
|---|---|---|---|---|---|---|---|---|
| 1 1 1 5 0 | | | | 579JFN | O K | 0 6 2 0 1 3 |

| VIN | Vehicle Year | Color | 2nd Color | Make | Model | Veh Cond |
|---|---|---|---|---|---|---|
| 1 G C E C 1 4 V X Z 1 4 7 6 | 1 9 9 9 | R E D | R E D | C H E V | S I L V | 0 4 | 3 |

| Insurance Verification | Insurance Company Name | Policy Number | Insurance Telephone (Use Area Code) |
|---|---|---|---|
| 2 | GEICO | 4298-95-88-87 | 8 0 0 8 4 1 3 0 0 |

| Vehicle Removed by | Print | Owner Last Name | First | Middle |
|---|---|---|---|---|
| X | | X | | |

| (2?) Owner's Address | City | State | Zip |
|---|---|---|---|

Totaled Veh Type: 0 0

| (23) Investigating Officer | Badge Number | Troop/Div | Reviewed by (Init) | Reviewer Badge Number | Date of Report (mm/dd/yy) |
|---|---|---|---|---|---|
| Gay, Demario | 0 2 1 9 | M V D | R.S. | 0 1 6 8 0 | 0 3 1 2 2 0 1 3 |

WARNING - STATE LAW.   Use of contents for commercial solicitation is unlawful

DPS: 0192-01 REV. 0107

Case Number 2013014756

Pg. 2 of 6

| (25) Unit | | | | | Pos. In Veh | | Last Name | End | Middle Initial | | | Date of Birth (mm/dd/yyyy) | | | | Sex |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 0 1 | Injured Vehicle | Passenger Prop. Owner | X | | 1 3 | WILSON | RICK | | | | | | | | | M |

(26) Address of Driver — X Same as Driver

City — Stat — Zip

Telephone (Incl. Area Code): 6 2 0 2 1 2 0 2 6 7

| (27) Injury Severity / Type | CFL Use | Air Bag | Ejected | Extricated/Transported by | To Medical Facility | Property Type |
|---|---|---|---|---|---|---|
| 1 0 | 0 3 | 1 | 1 | 1 | | |

(28) Unit — Injured Vehicle / Passenger Prop. Owner — Pos. In Veh — Last Name — First — Middle Initial — Date of Birth (mm/dd/yyyy) — Sex

(29) Address of Driver — Same as Driver — City — State — Zip — Telephone (Incl. Area Code)

(29) Injury Severity / Type — CFL Use — Air Bag — Ejected — Extricated/Transported by — To Medical Facility — Property Type

(30) Unit — Injured Vehicle / Passenger Prop. Owner — Pos. In Veh — Last Name — First — Middle Initial — Date of Birth (mm/dd/yyyy) — Sex

(31) Address of Driver — Same as Driver — City — State — Zip — Telephone (Incl. Area Code)

(31) Injury Severity / Type — CFL Use — Air Bag — Ejected — Extricated/Transported by — To Medical Facility — Property Type

(32) Unit — Injured Vehicle / Passenger Prop. Owner — Pos. In Veh — Last Name — First — Middle Initial — Date of Birth (mm/dd/yyyy) — Sex

(33) Address of Driver — Same as Driver — City — State — Zip — Telephone (Incl. Area Code)

(33) Injury Severity / Type — CFL Use — Air Bag — Ejected — Extricated/Transported By — To Medical Facility — Property Type

**Complete information below if this vehicle is being used for COMMERCE/BUSINESS and has a GVWR/GCWR IN EXCESS OF 10,000 LBS. or has a HAZMAT PLACARD; or is a BUS WITH SEATING FOR NINE OR MORE INCLUDING THE DRIVER.**

(37) Unit — Carrier Name — Address

(38) City — State — Zip

(39) U.S. DOT Number — NAS Report Number — Record Number — **OK**

(39) Unit — Carrier Name — Address

(40) City — State — Zip

(41) U.S. DOT Number — NAS Report Number — Record Number — **OK**

### Position in Vehicle



### Vehicle Configuration



### Cargo Body Type



DPS: 0192-02 REV 0107





Case Number  2013014756

Supplemental Diagram Utilized



Supplemental Narrative Utilized

This report is based on the officer's investigation of this collision. This report may contain the opinion of the officer.

DPS: 01S2-01 REV. 01/07



# OFFICIAL OKLAHOMA TRAFFIC COLLISION REPORT
## ADDITIONAL NARRATIVE

Case Number 2013014756                                            Pg 6 of 6

**OFFICER SUMMARY**
On 03/12/13, I was radio assigned to a collision with possible injuries in the area of 4000 S. Sheridan Road. Upon arrival, I found the collision in the area of 6700 E. 41st Street. I spoke with both involved drivers.

**DRIVER 2 SUMMARY**
Driver 2 stated he was traveling West on 41st Street when Unit 1 left a business parking lot on the South side of 41st Street. Driver 2 says Unit 1 pulled out onto 41st Street, entered his lane and struck the side of Unit 2.

**DRIVER 1 SUMMARY**
Driver 1 stated he was in a private lot on the South side of 41st Street before merging onto 41st Street. Driver 1 says he struck the side of Unit 2 that was traveling West on 41st Street. Driver 1 says he guesses he just wasn't paying attention because he didn't see Unit 2 until he hit it.

**WITNESS SUMMARY**
None

**INJURIES**
Unit 1- None
Unit 2- Complained of pain his neck but refused EMSA

**DAMAGES**
Unit 1- Light damage to right front side
Unit 2- Damage to left center side

**AREA OF IMPACT(apx)**
40' W of Wc/l of S. 66th EA and 9' S of Nc/l of E. 41st Street

**INVESTIGATION SUMMARY**
Tulsa Revised Ordinance Title 37 Section 636A, Unsafely Emerging from Private Drive, Buildings, Alleys was issued to Driver 1

**DRIVERS LICENSE AND INSURANCE**
Both drivers had valid drivers license and insurance

Report Submitted by

Off. D. Gay
Tulsa Police Department
Mingo Valley Division
Traffic Enforcement Unit

DPS: 0192-SUPPC3; REV.9107





**GEICO Casualty Company**

Attn: Region V Claims, PO Box 509105
San Diego, CA 92150-9930

03/20/2015

James, Potts & Wulfers, Inc.
To Whom It May Concern
401 S Boston Ave STE 2600
Tulsa, OK 74103-4015



| | |
|---|---|
| Company Name: | Geico Casualty Company |
| Claim Number: | 012857772-0101-017 |
| Loss Date: | Tuesday, March 12, 2013 |
| Policyholder: | Rafel Mcdougal |
| Client(s): | Rafel Mcdougal |

To Whom It May Concern,

We have received your letter of representation dated March 19, 2015. I am handling this case. Please forward copies of all medical documentation and lost wage verification currently available. Please have your client sign and return the enclosed authorizations to obtain medical and wage information, so that I may assist you in obtaining the documentation necessary to support your client's claim.

If you have any questions, please contact me at the number below. Please refer to our claim number when writing or calling about this claim.

Sincerely,

Marco Mayorga, Examiner Code H244
972-855-6488
Claims Department

Encl:   C255OK, C256OK, Return Envelope



EXHIBIT

B-1

EC0040 (11/2004)



# GEICO Fax



**GEICO DIRECT**

Government Employees Insurance Company
GEICO General Insurance Company
GEICO Indemnity Insurance Company
GEICO Casualty Insurance Company

■ Chevy Chase, MD.
■ Fredericksburg, VA
■ Woodbury, NY
■ Macon, GA
■ Poway, CA

■ Dallas, TX
■ Lakeland, FL
■ Honolulu, HI.
■ Coralville, IA
■ Virginia Beach, VA

To:    19185844521
From:  ClaimsAtlas@geico.com
Date:  March 20, 2015 15:50:15 GMT
Subj:  ::DEFA::cc:6977957||cc:7582294::Claim Documents (0128577720101017)
Pages: 4

---

Date:                        March 20, 2015

To:                          James, Potts & Wulfers, Inc.

Fax Number:                  918-584-4521

From:                        Marco Mayorga 972-855-6488
                             GEICO Casualty Company
                             P.O. Box 509105
                             San Diego, CA - 92150-9930

Subject:                     Claim Documents (0128577720101017)

Message:

========================
This email/fax message is for the sole use of the intended

**EXHIBIT**

**B-2**



recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution of this email/fax is prohibited. If you are not the intended recipient, please destroy all paper and electronic copies of the original message.



# GEICO.
### geico.com

Tel: 1-800-841-3000

# Declarations Page
This is a description of your coverage.
Please retain for your records.

**GEICO CASUALTY COMPANY**
P.O. Box 509090
San Diego, CA 92150-9090

Date Issued: February 28, 2013

RAFEL GENE MCDOUGAL
8628 E 38TH PL
TULSA OK 74145-1525

Email Address: rpedalsteelman@gamail.com

## Policy Number: 4298-95-88-87
## Coverage Period:
02-28-13 through 08-28-13
12:01 a.m. standard time at the address of the named insured.

| **Named Insured** | **Additional Drivers** |
|---|---|
| Rafel G McDougal | None |

| **Vehicle** | | **VIN** | **Vehicle Location** | **Finance Company/ Lienholder** |
|---|---|---|---|---|
| 1 1999 Chev | Silver1500 | 1GCEC14V4XZ147680 | Tulsa OK 74145 | |

| **Coverages*** | **Limits and/or Deductibles** | **Vehicle 1** |
|---|---|---|
| Bodily Injury Liability | | |
| Each Person/Each Occurrence | $25,000/$50,000 | $89.38 |
| Property Damage Liability | $25,000 | $129.60 |
| Policy Uninsured Motorist | | |
| Each Person/Each Occurrence | Insured Rejects | - |
| **Total Six Month Premium** | | **$218.98** |

*Coverage applies where a premium or $0.00 is shown for a vehicle.

If you elect to pay your premium in installments, you may be subject to an additional fee for each installment. The fee amount will be shown on your billing statements and is subject to change.

## Discounts

| **The total value of your discounts is** | **$87.04** |
|---|---|
| Good Driver ............................................................................ | $73.69 |
| Persistency ............................................................................ | $13.35 |

**The following discounts have also been applied**

| Driving Experience ............................................................................ | Included |
|---|---|

**Contract Type:** A30OK
**Contract Amendments:** ALL VEHICLES - A54OK

T-U
DEC_PAGE (11-11) (Page 1 of 2)

## Important Policy Information

-We welcome you to our GEICO family in the Auto Voluntary B10 rate program.

-Reminder - Physical damage coverage will not cover loss for custom options on an owned automobile, including equipment, furnishings or finishings including paint, if the existence of those options has not been previously reported to us. This reminder does NOT apply in VIRGINIA and NORTH CAROLINA. Please call us at 1-800-841-3000 or visit us at geico.com if you have any questions.

-A Financial Responsibility Discount has not been applied to this policy.

-Please complete, sign and return the Option Forms enclosed within 10 days. Failure to do so may result in a change to your premium.



**GEICO Casualty Company**

Attn: Region V Claims, PO Box 509105
San Diego, CA 92150-9930

04/27/2015

James, Potts & Wulfers, Inc.
To Whom It May Concern
401 S Boston Ave STE 2600
Tulsa, OK 74103-4015



| | |
|---|---|
| Company Name: | Geico Casualty Company |
| Claim Number: | 012857772-0101-017 |
| Loss Date: | Tuesday, March 12, 2013 |
| Policyholder: | Rafel Mcdougal |
| Your Client: | Rafel Mcdougal |

To Whom It May Concern,

I need to update your client's file.  Please send me any reports and documentation you may have about your client's medical treatment status.

Thank you for your prompt attention to this matter.

Sincerely,

Marco Mayorga, Examiner Code H244
972-855-6488
Claims Department

**RECEIVED**

MAY 0 1 2015

JAMES, POTTS & WULFERS

**EXHIBIT**

C

EC0330 (04/2011)

# JAMES, POTTS & WULFERS, INC.

ATTORNEYS AT LAW
401 SOUTH BOSTON AVENUE, SUITE 2600
MID-CONTINENT TOWER
TULSA, OKLAHOMA  74103-4015
TELEPHONE (918) 584-0881
TELECOPIER (918) 584-4521
jpwlaw.com

DAVID W. WULFERS
SHANNON K. DAVIS
DAVID T. POTTS

OF COUNSEL
THOMAS G. POTTS
PAMELA K. WHEELER
RICHARD L. CARPENTER

[Email:  rcarpenter@jpwlaw.com]

May 4, 2015

GEICO Casualty Company
Attn:  Marco Mayorga, Examiner Code H244
      Region V Claims
P.O. Box 509105
San Diego, CA   94150-9930

Re:   Insured:      Rafel Gene McDougal
      Policy No.:   4398-95-88-87
      Claim Docs:   0128577720101017
      D/L:          March 12, 2013

Dear Mr. Mayorga:

Pursuant to your letter dated April 27, 2015, enclosed is my letter of September 16, 2013 along with the medical records and billing provided to Liberty Mutual Insurance Company.   Also enclosed is my letter of March 31, 2014 with additional medical relating to Mr. McDougal's treatment.   A September 24, 2014 letter from Dr. Ryan regarding the gender error contained in his records is also attached.

I have not yet determined the limits of the underlying coverage.

Very truly yours,

Richard Carpenter
*Attorney for Rafel McDougal*

RC/jr
Enclosures

EXHIBIT

D

# JAMES, POTTS & WULFERS, INC.

DAVID W. WULFERS
SHANNON K. DAVIS
DAVID T. POTTS

ATTORNEYS AT LAW
401 SOUTH BOSTON AVENUE, SUITE 2600
MID-CONTINENT TOWER
TULSA, OKLAHOMA  74103-4015
TELEPHONE (918) 584-0881
TELECOPIER (918) 584-4521
jpwlaw.com

OF COUNSEL
THOMAS G. POTTS
PAMELA K. WHEELER
RICHARD L. CARPENTER

[Email:  rcarpenter@jpwlaw.com]

May 11, 2015

**Via Facsimile (214) 442-5164**
GEICO Casualty Company
Attn:   Laura Hepler, Examiner Code J061
          Region V Claims
P.O. Box 509105
San Diego, CA   94150-9930

Re:   Insured:        Rafel Gene McDougal
        Policy No.:     4398-95-88-87
        Claim Docs:   012857772-0101-017
        D/L:              March 12, 2013

Dear Ms. Hepler:

Pursuant to his notice that he would be handling this file, on May 4, 2015, we sent the attached letter to Marco Mayorga with all of the material described therein attached.   Will you be able to retrieve that letter with the attachments for your use?

Very truly yours,

Richard Carpenter
*Attorney for Rafel McDougal*

RC/jr
Attachment

EXHIBIT

tabbies

E

# JAMES, POTTS & WULFERS, INC.

DAVID W. WULFERS
SHANNON K. DAVIS
DAVID T. POTTS

ATTORNEYS AT LAW
401 SOUTH BOSTON AVENUE, SUITE 2600
MID-CONTINENT TOWER
TULSA, OKLAHOMA  74103-4015
TELEPHONE (918) 584-0881
TELECOPIER (918) 584-4521
jpwlaw.com

OF COUNSEL
THOMAS G. POTTS
PAMELA K. WHEELER
RICHARD L. CARPENTER

[Email:  rcarpenter@jpwlaw.com]

May 4, 2015

GEICO Casualty Company
Attn:  Marco Mayorga, Examiner Code H244
        Region V Claims
P.O. Box 509105
San Diego, CA  94150-9930

      Re:    Insured:    Rafel Gene McDougal
              Policy No.:  4398-95-88-87
              Claim Docs:  0128577720101017
              D/L:         March 12, 2013

Dear Mr. Mayorga:

      Pursuant to your letter dated April 27, 2015, enclosed is my letter of September 16, 2013 along with the medical records and billing provided to Liberty Mutual Insurance Company.  Also enclosed is my letter of March 31, 2014 with additional medical relating to Mr. McDougal's treatment.  A September 24, 2014 letter from Dr. Ryan regarding the gender error contained in his records is also attached.

      I have not yet determined the limits of the underlying coverage.

                          Very truly yours,

                          Richard Carpenter
                          *Attorney for Rafel McDougal*

RC/jr
Enclosures



**GEICO.**
www.geico.com

P.O. Box 509105
San Diego, CA 92150-9930
Phone 1-800-841-3000

- Government Employees Insurance Company
- GEICO General Insurance Company
- GEICO Indemnity Company
- GEICO Casualty Company
- GEICO Advantage Insurance Company
- GEICO Choice Insurance Company
- GEICO Secure Insurance Company
- Criterion Insurance Agency, Inc. (Colonial County Mutual Ins.)

May 20, 2015

James, Potts & Wulfers, Inc
401 S. Boston Ave Ste 2600
Tulsa, OK  74103

| | |
|---|---|
| Claim Number: | 0128577720101017 |
| Insured: | Rafel Gene Mcdougal |
| Your Client(s): | Rafel Gene Mcdougal |
| Date of Loss: | 3/12/2013 |
| Company: | GEICO Casualty Company |

Dear Mr. Carpenter:

I have completed my evaluation of the Underinsured Motorist Bodily Injury claim that was presented and my evaluation is within the tort-feasor's policy limits.  Therefore, it does not appear there is any exposure for an Underinsured claim at this time.  If you have any additional information you would like considered, please feel free to submit it for my review.

Sincerely,

Laura Hepler / J061
Claims Examiner
800-841-5432 Ext. 2115

Shareholder Owned Companies Not Affiliated With The U.S. Government

**EXHIBIT**

tabbies

F

# JAMES, POTTS & WULFERS, INC.

DAVID W. WULFERS
SHANNON K. DAVIS
DAVID T. POTTS

ATTORNEYS AT LAW
401 SOUTH BOSTON AVENUE, SUITE 2600
MID-CONTINENT TOWER
TULSA, OKLAHOMA 74103-4015
TELEPHONE (918) 584-0881
TELECOPIER (918) 584-4521
jpwlaw.com

OF COUNSEL
THOMAS G. POTTS
PAMELA K. WHEELER
RICHARD L. CARPENTER

[Email: rcarpenter@jpwlaw.com]

May 21, 2015

**Via Facsimile (214) 442-5164**
GEICO Casualty Company
Attn:   Laura Hepler, Examiner Code J061
        Region V Claims
P.O. Box 509105
San Diego, CA  94150-9930

        Re:   Insured:     Rafel Gene McDougal
              Policy No.:  4398-95-88-87
              Claim Docs:  012857772-0101-017
              D/L:         March 12, 2013

Dear Ms. Hepler:

    Thank you for directing your attention to this matter as quickly as you did.   Having
reviewed the material you were furnished, what is the monetary evaluation GEICO placed on Mr.
McDougal's injuries and claims?

                                    Very truly yours,

                                    Richard Carpenter
                                    *Attorney for Rafel McDougal*

RC/jr

**EXHIBIT**

G



**GEICO**
geico.com

**GEICO Casualty Company**

Attn: Region V Claims, PO Box 509105
San Diego, CA 92150-9930

5/22/2015

James, Potts & Wulfers, Inc.
To Whom It May Concern
401 S Boston Ave STE 2600
Tulsa, OK 74103-4015

| | |
|---|---|
| Company Name: | Geico Casualty Company |
| Claim Number: | 012857772-0101-017 |
| Loss Date: | Tuesday, March 12, 2013 |
| Policyholder: | Rafel Mcdougal |

To Whom It May Concern,

In regards to our evaluation of your client's case, I can tell you that it is well within the
Tortfeasor's limits. I spoke to Liberty Mutual who advised me that they at least have a
100/300 policy. They would not confirm what they actually have, but I was advised it was at
least the 100/300. I hope that this information will assist you in understanding GEICO's
position on his case at this time.

Should you have any further questions, please do not hesitate to contact me at the number
listed below.

Sincerely,

Laura Hepler, Examiner Code J061
1-800-841-5432 x2115
Claims Department

Any person who knowingly, and with intent to defraud any insurance company or other
person, files a statement of claim containing any materially false information, or conceals, for
the purpose of misleading, information concerning any fact material thereto, commits a
fraudulent insurance act, which is a crime, and may also be subject to a civil penalty.

EC0020 (1/2007)

**EXHIBIT**

H

# JAMES, POTTS & WULFERS, INC.

DAVID W. WULFERS
SHANNON K. DAVIS
DAVID T. POTTS

ATTORNEYS AT LAW
401 SOUTH BOSTON AVENUE, SUITE 2600
MID-CONTINENT TOWER
TULSA, OKLAHOMA  74103-4015
TELEPHONE (918) 584-0881
TELECOPIER (918) 584-4521
jpwlaw.com

OF COUNSEL
THOMAS G. POTTS
PAMELA K. WHEELER
RICHARD L. CARPENTER

[Email:  rcarpenter@jpwlaw.com]

May 26, 2015

**Via Facsimile (214) 442-5164**
**GEICO Casualty Company**
Attn:  Laura Hepler, Examiner Code J061
        Region V Claims
P.O. Box 509105
San Diego, CA   94150-9930

Re:     Insured:       Rafel Gene McDougal
        Policy No.:     4398-95-88-87
        Claim Docs:     012857772-0101-017
        D/L:            March 12, 2013

Dear Ms. Hepler:

Thank you for your letter of May 22, 2015 explaining your understanding of the tortfeasor's coverage.  Given the fact that the tortfeasor may have as little as $100,000.00 available for Rafel McDougal, I would still like to have GEICO's evaluation of Mr. McDougal's claims and injuries.   Would you please provide that?

Very truly yours,

Richard Carpenter
*Attorney for Rafel McDougal*

RC/jr







**GEICO Casualty Company**

Attn: Region V Claims, PO Box 509105
San Diego, CA 92150-9930

5/27/2015

James, Potts & Wulfers, Inc.
To Whom It May Concern
401 S Boston Ave STE 2600
Tulsa, OK 74103-4015

Company Name:     Geico Casualty Company
Claim Number:      012857772-0101-017
Loss Date:         Tuesday, March 12, 2013
Policyholder:      Rafel Mcdougal

To Whom It May Concern,

This letter is in response to your correspondence I received on May 26, 2015 regarding your
client Mr. Rafel Mcdougal.  I apologize if there is any misunderstanding, however, I am not
required to release my evaluation range.  The tortfeasor has confirmed they have at least a
$100,000 policy.  Since my evaluation is within $100,000, there is no exposure for an
Underinsured Motorist claim at this time.  If you have any information to support I am
required to release my evaluation range, please forward for my review.  If you have any
additional information to submit for consideration for your client's claim, please forward and I
will be happy to re-evaluate this case.

Sincerely,

Laura Hepler, Examiner Code J061
1-800-841-5432 x2115
Claims Department

Any person who knowingly, and with intent to defraud any insurance company or other
person, files a statement of claim containing any materially false information, or conceals, for
the purpose of misleading, information concerning any fact material thereto, commits a
fraudulent insurance act, which is a crime, and may also be subject to a civil penalty.

EC0020 (1/2007)

**EXHIBIT**

J

# JAMES, POTTS & WULFERS, INC.

DAVID W. WULFERS
SHANNON K. DAVIS
DAVID T. POTTS

ATTORNEYS AT LAW
401 SOUTH BOSTON AVENUE, SUITE 2600
MID-CONTINENT TOWER
TULSA, OKLAHOMA  74103-4015
TELEPHONE (918) 584-0881
TELECOPIER (918) 584-4521
jpwlaw.com

OF COUNSEL
THOMAS G. POTTS
PAMELA K. WHEELER
RICHARD L. CARPENTER

[Email:  rcarpenter@jpwlaw.com]

July 30, 2015

**Via Facsimile (214) 442-5164**
GEICO Casualty Company
Attn:  Laura Hepler, Examiner Code J061
        Region V Claims
P.O. Box 509105
San Diego, CA  94150-9930

|       |             |                       |
|-------|-------------|-----------------------|
| Re:   | Insured:    | Rafel Gene McDougal   |
|       | Policy No.: | 4398-95-88-87         |
|       | Claim Docs: | 012857772-0101-017    |
|       | D/L:        | March 12, 2013        |

Dear Ms. Hepler:

    This letter is written in response to your letter of May 27, 2015 advising that "I am not required to release my evaluation range." Ms. Hepler, Rafel McDougal has a contractual relationship with GEICO. He met his obligation by paying the premiums on the policy. The policy contained UIM coverage. You have indicated that on behalf of GEICO, as part of its obligation to Rafel McDougal, you have evaluated his claim. You have also indicated that your evaluation would place the value of his claim under $100,000.00. You have then said that "if you (we) have any additional information to submit for consideration of your client's claim, please forward and I will be happy to reevaluate this case."

    Our efforts to learn your evaluation are simply to see if there is anything you have overlooked in carrying out GEICO's duties. For instance, it is clear that this is a case of absolute liability on the part of the tortfeasor and therefore there should be no impediment to applying the full value of Mr. McDougal's claim to the GEICO coverage. Do you agree? Once that is established, then we would address the extent of Mr. McDougal's injury and claims resulting from this collision.

    We simply want to know the amount of your evaluation and the facts taken into consideration in making that evaluation. For instance, we sent you our letter of March 31, 2014 to Liberty Mutual attaching updated medical. As part of that medical, you were provided Dr. Mayoza's recommendation of cervical spine surgery and his estimated costs associated with that surgery in the amount of $95,000.00. How has GEICO treated this information in its evaluation? It would appear that if GEICO has evaluated this claim at less than $100,000.00, it should, as part



EXHIBIT

tabbies

K

July 30, 2015
Page 2

of its obligation to its insured, explain the basis of its evaluation.   Don't you think that would be a fair way to treat a GEICO insured?

We do not know how to furnish additional information or call attention to information GEICO has misinterpreted if we cannot tell what the amount of GEICO's evaluation is and the factors that went into that consideration.   We maintain Mr. McDougal is entitled to that information.   In good faith, how could GEICO deny this request?

Please reconsider your statement that you are not required to release GEICO's evaluation range and GEICO's refusal to cooperate with its insured's efforts to be informed about its evaluation.   Please disclose the information that will show what individual factors GEICO considered in arriving at its evaluation of Mr. McDougal's claims.   Mr. McDougal wants to be provided with a breakdown of the evaluation, showing the elements of the claim evaluated and the value assigned to each.   Since you have completed the evaluation, this information should be readily available.

Very truly yours,

Richard Carpenter
*Attorney for Rafel McDougal*

RC/jr



**GEICO.**
geico.com

**GEICO Casualty Company**

Attn: Region V Claims, PO Box 509105
San Diego, CA 92150-9930

8/7/2015

James, Potts & Wulfers, Inc.
To Whom It May Concern
401 S Boston Ave STE 2600
Tulsa, OK 74103-4015

| | |
|---|---|
| Company Name: | Geico Casualty Company |
| Claim Number: | 012857772-0101-017 |
| Loss Date: | Tuesday, March 12, 2013 |
| Policyholder: | Rafel Mcdougal |

To Whom It May Concern,

This is in response to your letter of July 30, 2015, in the above-referenced matter.

We obviously have a disagreement on what type of information a first-party UM/UIM insurer is required to provide its insured in connection with a claim. You have not provided any statute or case authority that indicates we are required to provide you with a copy of our evaluation, and we are aware of none. The question of whether a UM/UIM carrier is required to disclose its evaluation during the claim handling process has been addressed by the Oklahoma district courts over the years, and in each instance, it was determined that the UM/UIM carrier was not required to disclose its evaluation, pre-suit. Again, if you have some authority to the contrary, please let us know so we might reconsider our position.

Further, a UM/UIM insurer is entitled to negotiate within its evaluation range. If we are required to disclose our evaluations, then there would be no further negotiation because insureds would always demand the top dollar. *See, e.g., Newport v. USAA*, 2000 OK 59, 11 P.3d 190 (Okla 2000).

You state Dr. Mayoza has predicted a future surgery in the amount of $95,000 will be necessary as a result of this accident. However, we have not been provided with a report or other documentation in that regard. Nonetheless, we have decided to either have your client evaluated by an independent physician, or, alternatively, we will retain a doctor to review the medical records in order to arrive at an opinion regarding the nature and extent of your client's injuries, as well as the cause of those injuries or any aggravation thereof.

Should you have any questions, please do not hesitate to contact me.

EC0020 (1/2007)

**EXHIBIT**

exhibit

L

_____

Sincerely,

Laura Hepler
1-800-841-5432 x2115
Claims Department



# PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
## ATTORNEYS AT LAW

ROBINSON RENAISSANCE BUILDING
119 NORTH ROBINSON, 11TH FLOOR
OKLAHOMA CITY, OKLAHOMA 73102
TELEPHONE: (405) 606-3333
FACSIMILE: (405) 606-3334

| | | |
|---|---|---|
| GERARD F. PIGNATO | A. BABETTE ROBERSON | OF COUNSEL |
| R. THOMPSON COOPER | ERIN J. ROONEY | |
| PAUL M. KOLKER | DIXIE A. CRAVEN | ANITA K. ANTHONY |
| BRAD L. ROBERSON | JUSTIN R. WILLIAMS | R. GREG ANDREWS |
| DAWN M. GOERES | | CLAYTON B. BRUNER |

† Also Admitted in Texas
ƒ Also Admitted in District of Columbia
¥ Also Admitted in Illinois
£ Also Admitted in Colorado
‡ Also Admitted in Chickasaw Nation

December 4, 2015

Richard Carpenter, Esquire
JAMES, POTTS AND WULFERS, INC.
401 South Boston, Suite 2600
Tulsa, Oklahoma 74103

  Re: *Rafel Gene McDougal v. Douglas Vandam*
    District Court of Tulsa County; Case No. CJ-2015-00614

Dear Mr. Carpenter:

  As I'm sure you are aware, GEICO has been put on notice concerning this case. GEICO would like to conduct its own investigation in the case. I am requesting all medical records and billing records for Rafel McDougal in your possession. We would also like to have Mr. McDougal sign a medical authorization, so we may obtain our own copies of the medical records and billing. I have enclosed a medical authorization for his signature.

  Please let me know if you would be willing to assist us in our request. I look forward to hearing from you.

       Best Regards,

       *Jamshidi*

       Shaheen Jamshidi
       PARALEGAL

DSJ:ba
File No. 255.460

Enclosure

**EXHIBIT**

**M**

# JAMES, POTTS & WULFERS, INC.

DAVID W. WULFERS
SHANNON K. DAVIS
DAVID T. POTTS

**ATTORNEYS AT LAW**
401 SOUTH BOSTON AVENUE, SUITE 2600
MID-CONTINENT TOWER
TULSA, OKLAHOMA 74103-4015
TELEPHONE (918) 584-0881
TELECOPIER (918) 584-4521
jpwlaw.com

OF COUNSEL
THOMAS G. POTTS
PAMELA K. WHEELER
RICHARD L. CARPENTER
MATT CROOK
[Email:  rcarpenter@jpwlaw.com]

December 14, 2015

**Via Facsimile – (405) 606-3334**
Shaheen Jamshidi, Paralegal
Pignato, Cooper, Kolker & Roberson, P.C.
119 North Robinson, 11th Floor
Oklahoma City, OK 73102

      Re:    *McDougal v. VanDam, et al.*
            District Court of Tulsa County, Case No. CJ-2015-624

Dear Shaheen Jamshidi:

      This will acknowledge receipt of your letter dated December 4, 2015.   Your letter does not say who you are in relation to Mr. McDougal's UM claim or what your status is as far as writing about GEICO coverage.   In any event, we will provide you the following:

      Months ago GEICO had the obligation to investigate this claim.   Presumably it met its obligation and concluded that the collision that caused Mr. McDougal injury was the fault of the other driver, Douglas VanDam.   Having made that conclusion, GEICO's obligation was to evaluate Mr. McDougal's claim.   We furnished information and material to GEICO and GEICO presumably evaluated the claim as having a value of less than $100,000.00.   GEICO refused to answer our questions about their evaluation process.   GEICO requested nothing and we never refused GEICO anything.

      As far as Mr. McDougal's UM claim with GEICO is concerned, GEICO "cast the die" months ago.   It has either properly met its obligation to investigate or it has not.   GEICO has either properly discharged its obligation to evaluate the claim or it has not.   Had GEICO made timely requests for <u>anything</u> it felt to be material to meeting its obligation to evaluate, we would have accommodated.   Mr. McDougal is appalled by your statement that "GEICO would like to conduct its own investigation in the case."   The time for that has long since passed.

                      Very truly yours,

                      Richard Carpenter
                      *Attorney for Rafel Gene McDougal*

RC/jr



**EXHIBIT**

N

DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

**DISTRICT COURT**
**F I L E D**

FEB 1 2 2016

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

RAFEL GENE MCDOUGAL,                          )
                                              )
            Plaintiff,                        )
                                              )
      v,                                      )     Case No.: CJ-2015-614
                                              )     The Honorable Rebecca Nightingale
DOUGLAS VANDAM,                               )
LYNDA SEQUICHIE, and                          )
SHIRLEY IRWIN,                                )
                                              )
            Defendants.                       )

## NON-PARTY, GEICO'S MOTION TO INTERVENE

Intervenor, GEICO Casualty Company ("GEICO"), pursuant to 12 O.S. § 2024, requests to

intervene as a Defendant in this action and assert the proposed Answer, attached as EXHIBIT 1. In

support of this Motion, GEICO alleges and states as follows:

### STATEMENT OF FACTS

1.      This case arises out of an automobile accident that occurred on March 12, 2013, in

Tulsa County Oklahoma between a vehicle owned and operated by Plaintiff, Rafel Gene McDougal

("Plaintiff"), and a vehicle driven by Defendant, Douglas Vandam ("Defendant"). (*See* Official

Oklahoma Traffic Collision Report, attached as EXHIBIT 2.)

2.      On the date of the accident, Plaintiff was insured under an uninsured/underinsured

motorist ("UM/UIM") policy issued by GEICO. (*See* Declarations Page, attached as EXHIBIT 3.)

3.      As a result of the subject accident, Plaintiff has made a claim to GEICO for UM/UIM

benefits.

4.      On February 13, 2015, Plaintiff filed the present action in Tulsa County, Oklahoma

against Defendant.

**EXHIBIT**

0

5.      GEICO was not included in the suit.

6.      GEICO has attempted to monitor this suit through the assistance of counsel, but, for reasons that are unclear, has been met with resistance from Plaintiff's counsel. (*See* vitriolic letter from Richard Carpenter dated December 14, 2015, Exhibit 4.)

7.      Based on counsel's statement that the time for GEICO to participate has "long since passed," GEICO believes Plaintiff objects to its participation in this lawsuit and continued efforts to evaluate Plaintiff's claims. *Id.*

## ARGUMENTS AND AUTHORITIES

Oklahoma allows applicants to intervene as a matter of right or with the court's permission. 12 O.S. § 2024. "A UM insurer has a right to judicialy contest the conditions that would give rise to an obligation to pay UM insurance." *Brown v. Patel*, 2007 OK 16, ¶ 30, 157 P.3d 117, 127 citing *Skinner v. John Deere Ins. Co.*, 2000 OK 18, 998 P.2d 1219. "Courts favor intervention and joinder of party defendants as a convenient or pragmatic method of settling controversies relating to the same subject matter." *Brown v. Patel*, ¶27, 126.

### *I. Intervention as a Matter of Right*

GEICO shall be allowed to intervene in this lawsuit as a matter of right. Title 12 O.S. § 2024(A)(2) states that an applicant *shall* be permitted to intervene in an action if the applicant "claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest." GEICO is Plaintiff's UIM insurer. Therefore, GEICO has an interest related to the judgment Plaintiff is attempting to obtain against Defendant. GEICO will likely be bound by a judgment against Defendant. Without an opportunity to intervene, GEICO could potentially become liable under Plaintiff's UIM policy without having an opportunity to

2

evaluate, let alone defend, its position as Plaintiff's UIM carrier. If GEICO is unable to intervene as a Defendant in this lawsuit, its ability to protect its interests would be impeded and it would be forced to rely on a Defendant with interests dissimilar to GEICO's to defend the lawsuit for GEICO.

Because GEICO's ability to evaluate and defend its position as Plaintiff's UIM carrier will be impeded if it does not intervene in this lawsuit, GEICO shall be permitted to intervene. In the alternative, GEICO seeks permissive intervention.

### II. Permissive Intervention

Title 12 O.S. § 2024(B)(2) permits an applicant to intervene when an applicant's defense and the underlying action have a question of law or fact in common. In this case, Plaintiff's claim for damages against Defendant involves the exact same questions of fact as his claims against GEICO. The facts which will determine Defendant's obligations to Plaintiff will also determine whether GEICO is obligated to pay Plaintiff UIM benefits. GEICO seeks intervention for the sole purpose of continuing to monitor and evaluate Plaintiff's claim. GEICO believes it can better monitor Plaintiff's claim against Defendant and thus evaluate this lawsuit for potential exposure by intervening. Therefore, GEICO requests permission to intervene in this lawsuit.

### CONCLUSION

GEICO has an interest in this litigation since a judgment against Defendant could also bind GEICO. Intervention is favored by the courts and, in this case, will allow GEICO to better monitor and evaluate Plaintiff's claims. For these reasons, GEICO respectfully requests that this Court grant its Motion to Intervene.

3

02/12/2016   17:49 PIGNATO COOP... KULKER& ROBERSON                    405 606 3334        P.004/020

Respectfully submitted,

Gerard F. Pignato, OBA No. 11473
Dixie Craven, OBA No. 31528
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:   405-606-3333
Facsimile:   405-606-3334
Email:       jerry@pclaw.org
             dixie@pclaw.org
ATTORNEYS FOR GEICO CASUALTY
COMPANY

## CERTIFICATE OF SERVICE

This is to certify that on the 18th day of February 2016, a true and correct copy of the above and foregoing instrument was forwarded to:

Richard Carpenter, Esquire                    *VIA FACSIMILE TO: 918-584-4524*
JAMES POTTS & WULFERS, INC.
401 South Boston, Suite 2600
Tulsa, Oklahoma 74103
Telephone:   918-584-0881
Facsimile:   918-584-4524
Email: Rcarpenter@jpwlaw.com
ATTORNEYS FOR PLAINTIFF

Gene Robinson, Esquire                        *VIA FACSIMILE TO: 918-587-2317*
ROBINSON LAW FIRM, P.C.
7170 South Braden Avenue, Suite 170
Tulsa, Oklahoma 74136
Telephone:   918-587-2311
Facsimile:   918-587-2317
ATTORNEY FOR DEFENDANTS,
DOUGLAS VANDAM, BY AND THROUGH
JOHN COLFAX, AS SPECIAL
ADMINISTRATOR OF THE ESTATE OF
DOUGLAS VANDAM, DECEASED
AND LYNDA SEQUICHIE

For the Firm

4

# EXHIBIT 1

02/12/2016   17:49 PIGNATO COOP  ULKER& RUBERSUN        US 606 3334        P.006/020

DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

RAFEL GENE MCDOUGAL,                      )
                                          )
          Plaintiff,                      )
                                          )
v.                                        )       Case No.: CJ-2015-614
                                          )       The Honorable Rebecca Nightingale
DOUGLAS VANDAM,                           )
LYNDA SEQUICHIE, and                      )
SHIRLEY IRWIN,                            )
                                          )
          Defendants.                     )

## ANSWER OF INTERVENOR GEICO CASUALTY COMPANY

The Intervenor, GEICO Casualty Company ("GEICO"), for its Answer to the Petition of

Plaintiff, Rafel Gene McDougal ("Plaintiff"), alleges and states:

1.      GEICO does not have sufficient information to either admit or deny the allegations

contained in paragraphs 1, 2, 3, and 4 of Plaintiff's Petition.

2.      GEICO admits that an accident occurred in Tulsa, Oklahoma as alleged in paragraph

5 of Plaintiff's Petition.  GEICO does not have sufficient information to either admit or deny the

remaining allegations in paragraph 5 of Plaintiff's Petition.

3.      GEICO admits that a collision occurred on March 12, 2013, between Defendant

Douglas Vandam and Plaintiff as alleged in paragraph 6 of Plaintiff's Petition.  GEICO does not

have sufficient information to either admit or deny the remaining allegations in paragraph 6 of

Plaintiff's Petition.

4.      GEICO does not have sufficient information to either admit or deny the allegations

contained in paragraph 7, 8, and 9 of Plaintiff's Petition.

### AFFIRMATIVE/OTHER DEFENSES

5.      Further investigation and discovery in this case may reveal that Plaintiff failed to mitigate his alleged damages.

6.      Further investigation and discovery in this case may reveal that Plaintiff's injuries were the result of preexisting conditions unrelated to the accident at issue herein.

7.      Further investigation and discovery in this case may reveal that Plaintiff's medical treatments were unreasonable, unnecessary and/or unrelated to the subject accident.

8.      Further investigation and discovery in this case may reveal that Plaintiff caused or substantially contributed to the cause of the subject accident, thus invalidating his claim for UM benefits.

9.      Further investigation and discovery in this case may reveal that Defendants Douglas Vandam, Lynda Sequichie, and Shirley Irwin are not uninsured or underinsured motorists.

10.     Because discovery has not yet begun, GEICO respectfully reserves the right to amend its Answer to assert additional affirmative defenses, and/or assert additional claims as discovery progresses.

Respectfully submitted,

Gerard F. Pignato, OBA No. 11473
Dixie Craven, OBA No. 31528
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:    405-606-3333
Facsimile:    405-606-3334
Email:        jerry@pclaw.org
              dixie@pclaw.org
**ATTORNEYS FOR GEICO**

2

02/12/2016   17:49 PIGNATO COOK ULKER& ROBERSON                                905 606 3334           P.006/020

## CERTIFICATE OF SERVICE

      This is to certify that on the _____ day of February 2016, a true and correct copy of the above and foregoing instrument was forwarded to:

Richard Carpenter, Esquire                *VIA FACSIMILE TO: 918-584-4524*
JAMES POTTS & WULFERS, INC.
401 South Boston, Suite 2600
Tulsa, Oklahoma 74103
Telephone:   918-584-0881
Facsimile:    918-584-4524
Email: Rcarpenter@jpwlaw.com
ATTORNEYS FOR PLAINTIFF

Gene Robinson, Esquire                 *VIA FACSIMILE TO: 918-587-2317*
ROBINSON LAW FIRM, P.C.
7170 South Braden Avenue, Suite 170
Tulsa, Oklahoma 74136
Telephone:   918-587-2311
Facsimile:    918-587-2317
ATTORNEY FOR DEFENDANTS,
DOUGLAS VANDAM, BY AND THROUGH
JOHN  COLFAX,  AS  SPECIAL
ADMINISTRATOR OF THE ESTATE OF
DOUGLAS VANDAM, DECEASED
AND LYNDA SEQUICHIE

_____
For the Firm

3

02/12/2016   17:49 PIGNATO COOK KOLKER& ROBERSON                405 806 3334              P.009/020

# EXHIBIT 2



OFFICIAL OKLAHOMA TRAFFIC COLLISION REPORT

TULSA POLICE DEPARTMENT

02/12/2016 17:50 PIGNATO COOP● ●ULKER& ROBERSON ●●● ●●● ●●●● P.017/020



02/12/2016   17:50 PIGNATO COOPER OLKER& ROBERSON                     ( )05 606 3334      P.012/020





02/12/2016   17:51 PIGNATO COOPER KOLKER& ROBERSON                    RUS 606 3334         P.0147020



OFFICIAL OKLAHOMA TRAFFIC COLLISION REPORT
DIAGRAM SUPPLEMENTAL

02/12/2016   17:51 PIGNATO  CUURT   KULKER& ROBERSON                   405 606 3334        P.015/020

03 19 15

## OFFICIAL OKLAHOMA TRAFFIC COLLISION REPORT
### ADDITIONAL NARRATIVE

Pg. 8 of 8

Case Number: 2013014755

**OFFICER SUMMARY**
On 09/13/13, I was radio assigned to a collision with possible injuries in the area of 4000 S. Sheridan Road. Upon arrival, I found the collision in the area of 8700 E. 41st Street. I spoke with both involved drivers.

**DRIVER 2 SUMMARY**
Driver 2 stated he was traveling West on 41st Street when Unit 1 left a business parking lot on the South side of 41st Street. Driver 2 says Unit 1 pulled out onto 41st Street, entered his lane and struck the side of Unit 2.

**DRIVER 1 SUMMARY**
Driver 1 stated he was in a private lot on the South side of 41st Street before merging onto 41st Street. Driver 1 says he struck the side of Unit 2 that was traveling West on 41st Street. Driver 1 says he guesses he just wasn't paying attention because he didn't see Unit 2 until he hit it.

**WITNESS SUMMARY**
None

**INJURIES**
Unit 1- None
Unit 2- Complained of pain his neck but refused EMSA

**DAMAGES**
Unit 1- Light damage to right front side
Unit 2- Damage to left center side

**AREA OF IMPACT(apx)**
40' W of West of S. 66th EA and 8' S of Nof of E. 41st Street

**INVESTIGATION SUMMARY**
Tulsa Revised Ordinance Title 37 Section 636A, Unsafely Emerging from Private Drive, Buildings, Alleys was issued to Driver 1

**DRIVERS LICENSE AND INSURANCE**
Both drivers had valid drivers license and insurance

Report Submitted by

Off. D. Gay
Tulsa Police Department
Mingo Valley Division
Traffic Enforcement Unit

DPS: 0192-SUPP03 REV.01/07

# EXHIBIT 3

02/12/2016   17:51 PIGNATO COOP █ COLKER& ROBERSON          █ 605 606 3334        P.017/020



# GEICO.
geico.com    Tel: 1-800-841-3000

**GEICO CASUALTY COMPANY**
P.O. Box 509090
San Diego, CA 92150-9090

Date Issued: February 28, 2013

RAFEL GENE MCDOUGAL
8828 E 38TH PL
TULSA OK  74145-1525

Email Address: rpedalsteelman@gamail.com

# Declarations Page

This is a description of your coverage.
Please retain for your records.

### Policy Number: 4298-95-88-87
### Coverage Period:
02-28-13 through 08-28-13
12:01 a.m. standard time at the address of the named
insured.

| Named Insured | Additional Drivers |
|---|---|
| Rafel G McDougal | None |

| Vehicle | VIN | Vehicle Location | Finance Company/ Lienholder |
|---|---|---|---|
| 1 1999 Chev    Silver1500 | 1GCEC14V4XZ147680 | Tulsa OK 74145 | |

| Coverages* | Limits and/or Deductibles | Vehicle 1 |
|---|---|---|
| Bodily Injury Liability | | |
| Each Person/Each Occurrence | $25,000/$50,000 | $89.38 |
| Property Damage Liability | $25,000 | $129.60 |
| Policy Uninsured Motorist | | |
| Each Person/Each Occurrence | Insured Rejects | - |
| **Total Six Month Premium** | | **$218.98** |

*Coverage applies where a premium or $0.00 is shown for a vehicle.

If you elect to pay your premium in installments, you may be subject to an additional fee for each installment. The fee
amount will be shown on your billing statements and is subject to change.

| Discounts | |
|---|---|
| The total value of your discounts is | $87.04 |
| Good Driver ............................................................. | $73.69 |
| Persistency ............................................................. | $13.35 |
| The following discounts have also been applied | |
| Driving Experience ................................................................. | Included |

Contract Type: A30OK
Contract Amendments: ALL VEHICLES - A54OK

02/12/2016   17:51PIGNATO COOP   KOLKER8 ROBERSON                    ⬤05 606 3334      P.018/020

## Important Policy Information

-We welcome you to our GEICO family in the Auto Voluntary B10 rate program.

-Reminder - Physical damage coverage will not cover loss for custom options on an owned automobile, including equipment, furnishings or finishings including paint, if the existence of those options has not been previously reported to us. This reminder does NOT apply in VIRGINIA and NORTH CAROLINA. Please call us at 1-800-841-3000 or visit us at geico.com if you have any questions.

-A Financial Responsibility Discount has not been applied to this policy.

-Please complete, sign and return the Option Forms enclosed within 10 days. Failure to do so may result in a change to your premium.

02/12/2016   17:51 PIGNATO COOP● ●OLKER& ROBERSON          (● ●05 606 3334       P.019/020

# EXHIBIT 4

02/12/2016   17:51PIGNATO COOP   KOLKER& ROBERSON                                   (FAX)   P.020/020
12/14/2015   09:47                                                                         P.002/002

# JAMES, POTTS & WULFERS, INC.

ATTORNEYS AT LAW
401 SOUTH BOSTON AVENUE, SUITE 2600
MID-CONTINENT TOWER
TULSA, OKLAHOMA  74103-4015
TELEPHONE (918) 584-0881
TELECOPIER (918) 584-4521
jpwlaw.com

DAVID W. WULFERS
SHANNON K. DAVIS
DAVID T. POTTS

OF COUNSEL
THOMAS G. POTTS
PAMELA K. WHEELER
RICHARD L. CARPENTER
MATT CROOK
[Email:  rcarpenter@jpwlaw.com]

December 14, 2015

Via Facsimile – (405) 606-3334
Shaheen Jamshidi, Paralegal
Pignato, Cooper, Kolker & Roberson, P.C.
119 North Robinson, 11ᵗʰ Floor
Oklahoma City, OK 73102

> Re:   *McDougal v. VanDam, et al.*
>        District Court of Tulsa County, Case No. CJ-2015-624

Dear Shaheen Jamshidi:

        This will acknowledge receipt of your letter dated December 4, 2015.   Your letter does not say who you are in relation to Mr. McDougal's UM claim or what your status is as far as writing about GEICO coverage.   In any event, we will provide you the following:

        Months ago GEICO had the obligation to investigate this claim.   Presumably it met its obligation and concluded that the collision that caused Mr. McDougal injury was the fault of the other driver, Douglas VanDam.   Having made that conclusion, GEICO's obligation was to evaluate Mr. McDougal's claim.   We furnished information and material to GEICO and GEICO presumably evaluated the claim as having a value of less than $100,000.00.   GEICO refused to answer our questions about their evaluation process.   GEICO requested nothing and we never refused GEICO anything.

        As far as Mr. McDougal's UM claim with GEICO is concerned, GEICO "cast the die" months ago.   It has either properly met its obligation to investigate or it has not.   GEICO has either properly discharged its obligation to evaluate the claim or it has not.   Had GEICO made timely requests for <u>anything</u> it felt to be material to meeting its obligation to evaluate, we would have accommodated.   Mr. McDougal is appalled by your statement that "GEICO would like to conduct its own investigation in the case."   The time for that has long since passed.

                                                        Very truly yours,

                                                        *Richard Carpenter*
                                                        Richard Carpenter
                                                        *Attorney for Rafel Gene McDougal*

RC/jr

DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
**FILED**

APR 21 2016

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA, TULSA COUNTY

RAFEL GENE MCDOUGAL,                    )
                                        )
          Plaintiff,                    )
                                        )
v,                                      )   Case No.: CJ-2015-614
                                        )   The Honorable Rebecca Nightingale
JOHN COLFAX, as Special Administrator   )
of the Estate of DOUGLAS VANDAM,        )
deceased, LYNDA SEQUICHIE, and          )
SHIRLEY IRWIN,                          )
                                        )
          Defendants,                   )
                                        )
GEICO CASUALTY COMPANY,                 )
                                        )
          Intervenor.                   )

## ANSWER OF INTERVENOR GEICO CASUALTY COMPANY

The Intervenor, GEICO Casualty Company ("GEICO"), for its Answer to the Petition of

Plaintiff, Rafel Gene McDougal ("Plaintiff"), alleges and states:

1.     . GEICO does not have sufficient information to either admit or deny the allegations

contained in paragraphs 1, 2, 3, and 4 of Plaintiff's Petition.

2.     GEICO admits that an accident occurred in Tulsa, Oklahoma as alleged in paragraph

5 of Plaintiff's Petition.  GEICO does not have sufficient information to either admit or deny the

remaining allegations in paragraph 5 of Plaintiff's Petition.

3.     GEICO admits that a collision occurred on March 12, 2013, between Defendant

Douglas Vandam and Plaintiff as alleged in paragraph 6 of Plaintiff's Petition.  GEICO does not

have sufficient information to either admit or deny the remaining allegations in paragraph 6 of

Plaintiff's Petition.



EXHIBIT

P

RX Date/Time          04/21/2016     17:16     PIGNATO COOPER KOLKER& ROBERSON                                    P.002
04/21/2016    16:55 PIGNATO COOP  KOLKER& ROBERSON                                  405 606 3334        P.002/003

4.    GEICO does not have sufficient information to either admit or deny the allegations

contained in paragraph 7, 8, and 9 of Plaintiff's Petition.

## AFFIRMATIVE/OTHER DEFENSES

5.    Further investigation and discovery in this case may reveal that Plaintiff failed to

mitigate his alleged damages.

6.    Further investigation and discovery in this case may reveal that Plaintiff's injuries

were the result of preexisting conditions unrelated to the accident at issue herein.

7.    Further investigation and discovery in this case may reveal that Plaintiff's medical

treatments were unreasonable, unnecessary and/or unrelated to the subject accident.

8.    Further investigation and discovery in this case may reveal that Plaintiff caused or

substantially contributed to the cause of the subject accident, thus invalidating his claim for UM

benefits.

9.    Further investigation and discovery in this case may reveal that Defendants Douglas

Vandam, Lynda Sequichie, and Shirley Irwin are not uninsured or underinsured motorists.

10.    Because discovery has not yet begun, GEICO respectfully reserves the right to amend

its Answer to assert additional affirmative defenses, and/or assert additional claims as discovery

progresses.

2

Case 4:17-cv-00449-GKF-JFJ   Document 2-2 Filed in USDC ND/OK on 08/03/17   Page 58 of 67

RX Date/Time    04/21/2016   17:16   PIGNATO COOPER KOLKER& ROBERSON    P.003
04/21/2016   16:55 PIGNATO COOP     KOLKER& ROBERSON          405 606 3334    P.003/003

Respectfully submitted,

Gerard F. Pignato, OBA No. 11473
Dixie Craven, OBA No. 31528
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:     405-606-3333
Facsimile:     405-606-3334
Email:         jerry@pclaw.org
               dixie@pclaw.org
ATTORNEYS FOR INTERVENOR, GEICO
CASUALTY COMPANY

## CERTIFICATE OF SERVICE

This is to certify that on the 21st day of April 2016, a true and correct copy of the above and foregoing instrument was forwarded to:

Richard Carpenter, Esquire                      *VIA FACSIMILE TO: 918-584-4524*
JAMES POTTS & WULFERS, INC.
401 South Boston, Suite 2600
Tulsa, Oklahoma 74103
Telephone:     918-584-0881
Facsimile:     918-584-4524
Email: Rcarpenter@jpwlaw.com
ATTORNEYS FOR PLAINTIFF

Gene Robinson, Esquire                          *VIA FACSIMILE TO: 918-587-2317*
ROBINSON LAW FIRM, P.C.
7170 South Braden Avenue, Suite 170
Tulsa, Oklahoma 74136
Telephone:     918-587-2311
Facsimile:     918-587-2317
ATTORNEY FOR DEFENDANT,
   JOHN COLFAX, AS SPECIAL
   ADMINISTRATOR OF THE ESTATE OF
   DOUGLAS VANDAM, DECEASED

For the Firm

3

DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
F I L E D

MAR I 4 2016

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

RAFEL GENE MCDOUGAL,          )
                              )
        Plaintiff,            )
                              )
v.                            )   Case No.: CJ-2015-614
                              )   The Honorable Rebecca Nightingale
DOUGLAS VANDAM,               )
LYNDA SEQUICHIE, and          )
SHIRLEY IRWIN,                )
                              )
        Defendants.           )

## REPLY TO PLAINTIFF'S RESPONSE TO GEICO'S MOTION TO INTERVENE

Intervenor, GEICO Casualty Company ("GEICO"), for its Reply to Plaintiff's Response to

GEICO's Motion to Intervene and pursuant to the Court's Order of March 11, 2016, states as

follows:

When a plaintiff files an action against an uninsured or underinsured motorist without joining

the plaintiff's insurance company as a defendant, the insurer may "take whatever action they desire,

*including intervention.*" *Keel v. MFA Ins. Co.*, 1976 OK 86, 553 P.2d 153, 158 (emphasis added.)

Plaintiff filed this lawsuit against Defendants Vandam, Sequichie and Irwin (parties that Plaintiff

claims are underinsured), but not against GEICO. Therefore, GEICO is entitled to take whatever

action it desires, including intervention.

Even if the Court finds GEICO is not entitled to intervention as a matter of right, the Court

should grant permissive intervention. "When a UM Insurer does not satisfy the conditions of

intervention as a matter of right pursuant to [12 O.S.] § 2024(A), it may seek [12 O.S.] § 2024(B)

permissive intervention in the cause of action brought by its insured against the alleged tortfeasor



**EXHIBIT**

Q

. . ." *Brown v. Patel*, 2007 OK 16 ¶30, 157 P.3d 117, 127. In this case, GEICO seeks to intervene in this lawsuit to continue monitoring and evaluating Plaintiff's claim, as well as GEICO's exposure.

GEICO met its obligations to investigate and evaluate Plaintiff's claims prior to Plaintiff's filing of this lawsuit. However, GEICO did so without the benefit of discovery afforded to parties under 12 O.S. § 3226. Specifically, GEICO was not afforded the opportunity to submit interrogatories, written requests for production of documents, or written requests for admission to Plaintiff. 12 O.S. §§ 3233, 3234, and 3236. GEICO should not be required to rely on Plaintiff's statements that he has provided GEICO with all information relevant to his claim. Instead, GEICO should be given the opportunity to intervene in this lawsuit to utilize the discovery code in order to continue evaluating Plaintiff's claim, as well as GEICO's exposure.

Respectfully submitted,

Gerard F. Pignato, OBA No. 11473
Dixie Craven, OBA No. 31528
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:    405-606-3333
Facsimile:    405-606-3334
Email:        jerry@pclaw.org
              dixie@pclaw.org
ATTORNEYS FOR GEICO CASUALTY
  COMPANY

2

## CERTIFICATE OF SERVICE

This is to certify that on the ___14th___ day of March 2016, a true and correct copy of the above and foregoing instrument was forwarded to:

Richard Carpenter, Esquire                 *VIA FACSIMILE TO: 918-584-4524*
JAMES POTTS & WULFERS, INC.
401 South Boston, Suite 2600
Tulsa, Oklahoma 74103
Telephone:   918-584-0881
Facsimile:   918-584-4524
Email: Rcarpenter@jpwlaw.com
ATTORNEYS FOR PLAINTIFF

Gene Robinson, Esquire                     *VIA FACSIMILE TO: 918-587-2317*
ROBINSON LAW FIRM, P.C.
7170 South Braden Avenue, Suite 170
Tulsa, Oklahoma 74136
Telephone:   918-587-2311
Facsimile:   918-587-2317
ATTORNEY FOR DEFENDANTS,
DOUGLAS VANDAM, BY AND THROUGH
JOHN COLFAX, AS SPECIAL
ADMINISTRATOR OF THE ESTATE OF
DOUGLAS VANDAM, DECEASED
AND LYNDA SEQUICHIE

For the Firm

3

RX Date/Time        05/04/ 16    18:28    PIGNATO COOPER KOLKER& R ERSON        P.001
05/04/2016    18:07 PIGNATO COOPE KOLKER& ROBERSON                ( 405 606 3334        P.001/003

DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
**FILED**

MAY - 4 2016

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

RAFEL GENE MCDOUGAL,        )
                            )
        Plaintiff,          )
                            )
v.                          )    Case No.: CJ-2015-614
                            )    The Honorable Rebecca Nightingale
JOHN COLFAX, as Special Administrator )
of the Estate of DOUGLAS VANDAM, )
deceased, LYNDA SEQUICHIE, and )
SHIRLEY IRWIN,              )
                            )
        Defendants,         )
                            )
GEICO CASUALTY COMPANY,     )
                            )
        Intervenor.         )

## GEICO'S RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER AND VACATE ORDER ALLOWING INTERVENTION

GEICO Casualty Company ("GEICO"), for its Response to Plaintiff's Motion to Reconsider

and Vacate Order Allowing Intervention, states as follows:

There are no factual determinations that need to be made to allow GEICO to intervene in this

lawsuit. The parties agree that (1) Plaintiff was involved in an accident; (2) that the vehicle Plaintiff

was operating at the time of the accident was insured by GEICO; (3) Plaintiff's insurance policy

included underinsured motorist coverage; and, (4) Plaintiff submitted a claim to GEICO pursuant

to his underinsured motorist policy. No other factual determinations need to be made. GEICO's

intervention in this case is appropriate.

Even if GEICO is not bound by a judgment against Defendants Douglas VanDam

("VanDam"), Lynda Sequichie ("Sequichie") and Shirley Irwin ("Irwin"), GEICO is still obligated

to investigate and evaluate Plaintiff's claims. GEICO has learned that the failure to investigate and

**EXHIBIT**

R

RX Date/Time      05/04/2016   18:28   PIGNATO COOPER KOLKER& ROBERSON          P.002
05/04/2016   18:08 PIGNATO COOPER KOLKER& ROBERSON              ( 405 606 3334       P.002/003

evaluate potential UM/UIM exposure can result in bad faith claims. Here, Plaintiff complains that GEICO wants to fulfill its duty to deal fairly and act in good faith. Accordingly, as set forth in Proposition II of GEICO's Motion to Intervene, permissive intervention is appropriate. GEICO can better evaluate Plaintiff's claims by intervening in this suit, particularly in light of Plaintiff's refusal to cooperate. GEICO's intervention can only inure to Plaintiff's benefit.

WHEREFORE, GEICO respectfully requests this Court deny Plaintiff's Motion to Reconsider and Vacate Order Allowing Intervention.

Respectfully submitted,

Gerard F. Pignato, OBA No. 11473
Dixie Craven, OBA No. 31528
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:    405-606-3333
Facsimile:    405-606-3334
Email:        jerry@pclaw.org
              dixie@pclaw.org
ATTORNEYS FOR INTERVENOR, GEICO
  CASUALTY COMPANY

2

RX Date/Time          05/04⬤16   18:28   PIGNATO COOPER KOLKER& R⬤ERSON          P.003
05/04/2016   18:08 PIGNATO COOPE⬤KOLKER& ROBERSON          (⬤405 606 3334          P.003/003

## CERTIFICATE OF SERVICE

This is to certify that on the ___4th___ day of May 2016, a true and correct copy of the above and foregoing instrument was forwarded to:

Richard Carpenter, Esquire
JAMES POTTS & WULFERS, INC.
401 South Boston, Suite 2600
Tulsa, Oklahoma 74103
Telephone:     918-584-0881
Facsimile:     918-584-4524
Email: Rcarpenter@jpwlaw.com
ATTORNEYS FOR PLAINTIFF

*VIA FACSIMILE TO: 918-584-4524*

Gene Robinson, Esquire
ROBINSON LAW FIRM, P.C.
7170 South Braden Avenue, Suite 170
Tulsa, Oklahoma 74136
Telephone:     918-587-2311
Facsimile:     918-587-2317
ATTORNEY FOR DEFENDANT,
   JOHN COLFAX, AS SPECIAL
   ADMINISTRATOR OF THE ESTATE OF
   DOUGLAS VANDAM, DECEASED

*VIA FACSIMILE TO: 918-587-2317*

_____
For the Firm

3

DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
F I L E D
MAR 1 4 2016
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

RAFEL GENE MCDOUGAL,                    )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )    Case No.: CJ-2015-614
                                        )    The Honorable Rebecca Nightingale
DOUGLAS VANDAM,                         )
LYNDA SEQUICHIE, and                    )
SHIRLEY IRWIN,                          )
                                        )
        Defendants.                     )

## REPLY TO PLAINTIFF'S RESPONSE TO GEICO'S MOTION TO INTERVENE

Intervenor, GEICO Casualty Company ("GEICO"), for its Reply to Plaintiff's Response to

GEICO's Motion to Intervene and pursuant to the Court's Order of March 11, 2016, states as

follows:

When a plaintiff files an action against an uninsured or underinsured motorist without joining

the plaintiff's insurance company as a defendant, the insurer may "take whatever action they desire,

*including intervention*." *Keel v. MFA Ins. Co.*, 1976 OK 86, 553 P.2d 153, 158 (emphasis added.)

Plaintiff filed this lawsuit against Defendants Vandam, Sequichie and Irwin (parties that Plaintiff

claims are underinsured), but not against GEICO. Therefore, GEICO is entitled to take whatever

action it desires, including intervention.

Even if the Court finds GEICO is not entitled to intervention as a matter of right, the Court

should grant permissive intervention. "When a UM Insurer does not satisfy the conditions of

intervention as a matter of right pursuant to [12 O.S.] § 2024(A), it may seek [12 O.S.] § 2024(B)

permissive intervention in the cause of action brought by its insured against the alleged tortfeasor

EXHIBIT

S

. . ." *Brown v. Patel*, 2007 OK 16 ¶30, 157 P.3d 117, 127. In this case, GEICO seeks to intervene in this lawsuit to continue monitoring and evaluating Plaintiff's claim, as well as GEICO's exposure.

GEICO met its obligations to investigate and evaluate Plaintiff's claims prior to Plaintiff's filing of this lawsuit. However, GEICO did so without the benefit of discovery afforded to parties under 12 O.S. § 3226. Specifically, GEICO was not afforded the opportunity to submit interrogatories, written requests for production of documents, or written requests for admission to Plaintiff. 12 O.S. §§ 3233, 3234, and 3236. GEICO should not be required to rely on Plaintiff's statements that he has provided GEICO with all information relevant to his claim. Instead, GEICO should be given the opportunity to intervene in this lawsuit to utilize the discovery code in order to continue evaluating Plaintiff's claim, as well as GEICO's exposure.

Respectfully submitted,

Gerard F. Pignato, OBA No. 11473
Dixie Craven, OBA No. 31528
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:   405-606-3333
Facsimile:   405-606-3334
Email:       jerry@pclaw.org
             dixie@pclaw.org
ATTORNEYS FOR GEICO CASUALTY
   COMPANY

2

## CERTIFICATE OF SERVICE

This is to certify that on the ___14th___ day of March 2016, a true and correct copy of the above and foregoing instrument was forwarded to:

Richard Carpenter, Esquire              *VIA FACSIMILE TO: 918-584-4524*
JAMES POTTS & WULFERS, INC.
401 South Boston, Suite 2600
Tulsa, Oklahoma 74103
Telephone:    918-584-0881
Facsimile:    918-584-4524
Email: Rcarpenter@jpwlaw.com
ATTORNEYS FOR PLAINTIFF

Gene Robinson, Esquire                  *VIA FACSIMILE TO: 918-587-2317*
ROBINSON LAW FIRM, P.C.
7170 South Braden Avenue, Suite 170
Tulsa, Oklahoma 74136
Telephone:    918-587-2311
Facsimile:    918-587-2317
ATTORNEY FOR DEFENDANTS,
DOUGLAS VANDAM, BY AND THROUGH
JOHN COLFAX, AS SPECIAL
ADMINISTRATOR OF THE ESTATE OF
DOUGLAS VANDAM, DECEASED
AND LYNDA SEQUICHIE

For the Firm

3