# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

RAFEL GENE MCDOUGAL, )
)
        Plaintiff, )
)
v. ) Case No. 17-CV-449-GKF-JFJ
)
GEICO CASUALTY INSURANCE )
COMPANY (Government Employees )
Insurance Company), )
)
        Defendant. )

## OPINION AND ORDER

Before the court is the Motion to Remand of plaintiff, Rafel Gene McDougal ("McDougal"). [Doc. No. 17]. For the reasons set forth below, the court grants the motion.

### I. Background

McDougal filed this case in Tulsa County District Court on May 19, 2017, alleging bad faith claims against GEICO for its evaluation of an underinsured motorist claim and for its attempt to intervene in the underlying tort action regarding that claim. Substantial motions practice occurred in state court, including full briefing on a motion to dismiss, motion to transfer, and motion to clarify damages. After receiving certain adverse rulings, GEICO removed the case to this court on August 3, 2017. On September 1, 2017, McDougal moved to remand.

### II. Analysis

McDougal makes two arguments in support his motion to remand: that GEICO's removal on August 3, 2017 was untimely; and that GEICO failed to meet its burden to prove the requisite jurisdictional amount. The court agrees with the latter.

    **a. Timeliness**

*First*, McDougal argues that GEICO's removal on August 3, 2017 was untimely. [Doc. No. 17, pp. 6–9, ¶¶ 4–7]. To succeed, McDougal must show at least thirty (30) days expired since he first presented GEICO with "clear and unequivocal" notice of the case's removability. *Rose v. Paetec Communcations, Inc.*, No. 12-CV-509-JED-PJC, 2013 WL 395459, at *3 (N.D. Okla. Jan. 31, 2013) (quoting *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998)). To that end, McDougal argues that his petition must have given such notice, because GEICO has consistently argued that McDougal's claims for actual and punitive damages necessarily placed more than $75,000 in controversy. [Doc. No. 17, pp. 6–9, ¶¶ 4–7]; *see* [Doc. Nos. 2, pp. 16–21, ¶¶ 64–75; 2-13, p. 4]. However, McDougal's petition specifically asked for damages "not in excess of the amount required for diversity jurisdiction." [Doc. Nos. 2-2, p. 8]. GEICO's decision to read between the lines that McDougal actually sought more does not render the petition itself clear and unequivocal. *See Zamora v. Wells Fargo Home Mortg.*, 831 F. Supp. 2d 1284, 1296 (D.N.M. 2011) (holding that a complaint failed to give clear and unequivocal notice of removability, even though defendant "could have reasonably concluded from [the complaint] that the amount in controversy would be greater than $75,000"). As a result, the court concludes that it was not until late July—if at all—that McDougal gave GEICO clear and unequivocal notice of removability by allegedly refusing to stipulate that he would not seek damages in excess of $75,000. [Doc. Nos. 2-26, pp. 1–2, ¶¶ 6–9; 17, pp. 24–25, ¶¶ 5, 7]; *see McPhail v. Deere & Co.*, 529 F.3d 947, 957 (10th Cir. 2008) (describing as relevant to the amount in controversy plaintiff's acknowledgment—and refusal to stipulate to the contrary—that damages "may very well be" greater than $75,000); *Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1340 (W.D. Okla. Dec. 22, 2014) ("[A]s long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day

time period never starts to run and the defendant may remove at any time.") (quoting *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014)). Therefore, the court holds that GEICO's August 3, 2017 removal was timely.

### b. Jurisdictional Amount

*Second*, McDougal argues that GEICO failed to meet its burden to prove the requisite jurisdictional amount. The Supreme Court recently clarified the proper procedure when a defendant's assertion of the amount in controversy is challenged: "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). In addition, the Tenth Circuit strictly construes removal statutes, resolves all doubts against removal, and places the burden of proof on the defendant to show removability. *See id.* (declining to "decide whether . . . a presumption [against removal] is proper in mine-run diversity cases"); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982); *Heather v. Air Methods Corp.*, Case No. CIV-16-843-R, 2016 WL 7109675, at *2 (W.D. Okla. Dec. 6, 2016) (acknowledging that there is still "a presumption in favor of remand in run-of-the-mill diversity cases"); *Eldridge v. City of Henrytta*, Case No. CIV-14-545-RAW, 2016 WL 4995392, at *2 n.3 (E.D. Okla. Sept. 19, 2016). (concluding that "Supreme Court . . . and Tenth Circuit precedent . . . are reconcilable" as applied); *Mitchell v. City of Okmulgee*, Case No. 15-CV-470-JHP, 2016 WL 2944667, at *1 n.1 (E.D. Okla. May 20, 2016) (rejecting defendant's argument against the rule of strictly construing removal statutes because it "remains valid under existing Tenth Circuit authority"). Therefore, the court will consider evidence from both parties and determine on that basis whether GEICO

proved by a preponderance of the evidence "that the amount in controversy may exceed $75,000." *McPhail*, 529 F.3d at 953.

To that end, the parties presented the following evidence: McDougal initially petitioned for "actual and punitive damages, plus interest, the costs of this action and attorney's fees, in an amount in excess of $10,000, but not in excess of the jurisdictional amount required for diversity jurisdiction." [Doc. No. 2-2, p. 8]. GEICO subsequently moved to clarify damages pursuant to 12 O.S. § 2009(H). On July 10, 2017, McDougal offered to settle for $74,000.00, and GEICO counteroffered for $0.00. [Doc. Nos. 2-8, p. 5; 17, p. 27]. Additionally, the parties agree that they discussed GEICO's motion to clarify damages in an unrecorded and untranscribed hearing in state court on July 27, 2017, but they disagree as to the substance of that discussion. [Doc. Nos. 2-26; 17, pp. 23–25, ¶¶ 1–7]. Specifically, GEICO claims that at that hearing McDougal refused to enter into a stipulation to a remittitur in the event of a judgment in excess of $75,000. [Doc. No. 2-26, p. 2, ¶¶ 7–8]. In response, McDougal asserts that this is a fabrication, stating he "was never asked to enter into a stipulation . . . by either [GEICO] or . . . the Court". [Doc. No. 17, p. 24–25, ¶¶ 5–7]. The day after the hearing, GEICO sent a letter referencing McDougal's alleged refusal to stipulate to a remittitur, and giving him another chance to do so "before the hearing on August 8, 2017." [Doc. No. 2-27]. McDougal sent GEICO a letter later that day which made no reference to the requested stipulation. [Doc. No. 2-28]. GEICO interpreted this omission as a rejection of its offer to stipulate, and immediately informed McDougal of this and requested clarification if otherwise. [Doc. No. 2-29]. A few days later, McDougal responded to GEICO's offer to stipulate, stating that he would stipulate to a remittitur reducing the amount of a potential judgment to $70,000.00 if GEICO would stipulate to the entry of a judgment for McDougal in excess of $70,000.00. [Doc. No. 17, p. 29]. GEICO did not receive this letter until

after filing its notice of removal on August 3, 2017. [Doc. No. 17, p. 31]. McDougal also sent GEICO requests for admissions on August 1, 2017, [Doc. No. 17, pp. 33–37], and filed initial disclosures estimating actual and punitive damages at $35,000.00 each, [Doc. No. 2-20].

Based on this evidence, GEICO first argues that McDougal's claims for actual and punitive damages satisfy the amount in controversy requirement, because McDougal *could* recover more than $75,000. [Doc. No. 2, p 10, ¶ 43 (statement by defendant that plaintiff "could" recover more than the jurisdictional amount on his damages, because "bad faith actions seeking damages in unspecified amounts frequently result in awards in excess of $75,000"). However, that is not the correct standard. "The amount in controversy is not . . . the amount plaintiff will recover," but "rather . . . an estimate of the amount that will be put at issue in the course of the litigation." *McPhail*, 529 F.3d at 956; *see also Whisenant v. Sheridan Production Co., LLC*, No. CIV-15-81-M, 2015 WL 4041514, at *1, (W.D. Okla. Jul. 1, 2015). For that reason, the fact that a jury "could" award punitive damages in excess of $75,000 is non-dispositive. *Singleton v. Progressive Direct Ins. Co.*, 49 F. Supp. 3d 988, 993 (N.D. Okla. Sept. 9, 2014) ("A defendant must . . . offer more than a 'conclusory statement' that punitive damages are sought under Oklahoma law and that such law authorizes recovery in excess of that jurisdictional amount."). That is especially the case here, given that McDougal has consistently asked for less than $75,000 in every stage of this litigation, including in his petition, in his settlement offer, and in his initial disclosures. *See McPhail*, 529 F.3d at 956 (noting that a plaintiff's proposed settlement offer and estimation of damages are relevant evidence of the amount in controversy).

GEICO next contends that McDougal's alleged refusal to stipulate to a remittitur in the event of a judgment in excess of $75,000 establishes that more than that amount must be in

controversy. As evidence of this refusal, GEICO points to the alleged discussion during the July 27, 2017 hearing and the exchange of letters on July 28, 2017. Generally, a plaintiff's admission that the value of his claims exceeds $75,000 is relevant evidence of the amount in controversy. *Murchison v. Progressive Northern Ins. Co.*, 564 F. Supp. 2d 1311, 1314–15 (E.D. Okla. July 3, 2008); *see also McPhail*, 529 F.3d at 957. Here, however, McDougal denies having made such an admission. The parties have different accounts of the July 27, 2017 hearing, and the court must resolve those differences in favor of remand. *Evans-Carmichael v. Liberty Mutual Group Inc.*, No. Civ. 16-276 KG/LF, 2017 WL 3308876, at *4 (D.N.M. Apr. 4, 2017) (construing factual ambiguities in favor of remand). Likewise, the court does not find that McDougal's failure to make a same-day response to GEICO's letter on July 28, 2017 constituted a rejection of GEICO's request. Even without applying the presumption in favor of remand, GEICO's argument is unpersuasive for several reasons: the letter was an informal request for stipulation instead of a formal request for admission; GEICO specifically allowed until August 8, 2017 for response; and McDougal's timely response on August 1, 2017 was not a refusal but merely a counteroffer. The court applies the presumption and resolves these ambiguities in McDougal's favor, concluding that he did not reject GEICO's request to stipulate to a remittitur in the event of a judgment in excess of $75,000. In addition, even if the court decided otherwise, it is not convinced that this type of informal communication between the parties would be sufficient to establish that the amount in controversy is over $75,000, given that McDougal's petition, settlement offer, and initial disclosures all state damages at less than that amount. *See Friedman v. Shelter Mut. Ins. Co.*, No. 07-CV-0583-CVE-PJC, 2007 WL 3113428, at *3 (N.D. Okla. Oct. 22, 2007) (finding plaintiff's failure to respond to defendant's request for an admission that the

amount in controversy exceeded $75,000 to be non-dispositive, because defendant could have filed a motion to compel).

Having rejected both of GEICO's arguments, the court concludes that GEICO has not met its burden to establish the requisite jurisdictional amount. As to GEICO's alternative request for limited discovery, the court notes that GEICO does not suggest that it has served a request for admission of the sort mentioned and approved of in *Murchison*, 564 F. Supp. 2d at 1314–15, and GEICO does not here seek leave to conduct such appropriate discovery. As a result, the court exercises its discretion and denies GEICO's request to depose McDougal on the issue of the amount in controversy.

### c. Fees

As a final matter, McDougal requests attorney's fees associated with the cost of removal and remand. He argues that he is entitled to fees because GEICO's removal was untimely, and thus void *ab initio*. However, the court concluded that GEICO's removal was not untimely. As a result, the court declines to award attorney's fees to McDougal.

### III. Conclusion

For the reasons set forth above, McDougal's Motion to Remand, [Doc. No. 17], is granted and his request for attorney's fees is denied.

IT IS SO ORDERED this 25th day of September, 2017.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT